## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MYRLE S. LEBOEUF, on behalf of herself and others similarly situated, | : : : | **Civil Action No.:** |
| Plaintiff, | : : | **COMPLAINT--CLASS ACTION** |
| v. | : : | **JURY TRIAL DEMANDED** |
| FORSTER & GARBUS LLP, | : : | |
| Defendant. | : : | |

### Nature of Action

1.     This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., for the benefit of Louisiana consumers who have been the subject of debt collection efforts by Forster & Garbus LLP ("Defendant").

2.     Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.     As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1]     *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014),

4.      Further, over one-third of the debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers did not owe.[2]

5.      To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights with respect to those debts. 15 U.S.C. § 1692g(a).

6.      A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

7.      As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8.      Indeed, "[t]he aim of § 1692g is to provide a period for the recipient of a collection letter to consider her options. It is also to make the rights and obligations of a potentially hapless debtor as pellucid as possible." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008).

9.      A debt collector does not comply with section 1692g "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the

---

http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed January 4, 2019).

[2]      *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2018* at 15 (2018), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/ (last accessed January 4, 2019).

debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988). To be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) ("A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.").

10.     This case centers on Defendant's failure to effectively provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to Louisiana consumers, or within five days thereafter.

## Parties

11.     Myrle S. Leboeuf ("Plaintiff") is a natural person who at all relevant times resided in Plaquemines Parish, Louisiana

12.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

13.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

14.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15.     Defendant is a limited liability partnership with its principal office in Suffolk County, New York.

16.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17.     Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

18.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Jurisdiction and Venue**

20.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

21.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and as Defendant transacts business in this district.

**Factual Allegations**

22.     On or about February 6, 2018, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

23.     A true and correct copy of the February 6, 2018 communication to Plaintiff is attached as Exhibit A.

24.     This February 6, 2018 communication to Plaintiff was the first communication Plaintiff received from Defendant.

4

25.     Plaintiff did not receive any other communications from Defendant within five days of the February 6, 2018 communication.

26.     Relevant here, the February 6, 2018 letter disclosed to Plaintiff on the upper right-hand side that the "MINIMUM AMOUNT due by March 2, 2018" was $454.00 and that the "FULL BALANCE" was $2,459.56. *Id*.

27.     The February 6, 2018 letter then advised Plaintiff that the "Full Balance shown is the full amount owed as the date of this letter" while the "Minimum Amount Due shown above is an amount that if paid by the due date will bring your account to a current status and stop collections (unless your account goes past due in the future)." *Id*.

28.     The February 6 letter to Plaintiff then contained the following disclosures:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment if one exists and mail you a copy of such verification or judgment. If you request from this office in writing within 30 days from receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id*.

29.     The February 6 letter concluded by advising Plaintiff that while Defendant would not commence a lawsuit against her, its client "may consider additional remedies to recover the balance due" if Plaintiff and Defendant were unable to resolve the Debt. *Id*.

**Class Action Allegations**

30.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Louisiana address, (b) to whom Forster & Garbus LLP mailed an initial debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year

preceding the date of this complaint, (e) that included a payment due date within
30 days of the date of the initial debt collection communication.

31.     Excluded from the class is Defendant, its officers and directors, members of their

immediate families and their legal representatives, heirs, successors, or assigns, and any entity in

which Defendant has or had controlling interests.

32.     The class satisfies Rule 23(a)(1) because, upon information and belief, it is so

numerous that joinder of all members is impracticable.

33.     The exact number of class members is unknown to Plaintiff at this time and can

only be determined through appropriate discovery.

34.     The class is ascertainable because it is defined by reference to objective criteria.

35.     In addition, upon information and belief, the names and addresses of all members

of the proposed class can be identified in business records maintained by Defendant.

36.     The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of

the claims of the members of the class. To be sure, Plaintiff's claims and those of the members of

the class originate from the same standardized initial debt collection letter utilized by Defendant,

and Plaintiff possesses the same interests and has suffered the same injuries as each member of

the class.

37.     Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the

interests of the members of the class and has retained counsel experienced and competent in

class action litigation.

38.     Plaintiff has no interests that are contrary to or in conflict with the members of the

class that she seeks to represent.

39.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

40.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

41.     There will be no unusual difficulty in the management of this action as a class action.

42.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

43.     Among the issues of law and fact common to the class are:

    a.   Defendant's violations of the FDCPA as alleged herein;

    b.   whether Defendant is a debt collector as defined by the FDCPA;

    c.   whether Defendant's demand for payment in a time that is less than 30 days from Plaintiff's receipt of the letter violates 15 U.S.C. § 1692g(b);

    d.   the availability of statutory penalties; and

    e.   the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b)**

44.     Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 43 above.

45.     The FDCPA at 15 U.S.C. § 1692g(a) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46.     The FDCPA at 15 U.S.C. § 1692g(b) provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(emphasis added).

47.     The manner in which Defendant conveyed the validation notice required by 15 U.S.C. § 1692g(a) was ineffective, as it was inconsistent with, and overshadowed and contradicted, the statutory notice.

48. In the alternative, Defendant, through its communication, failed to explain an apparent, though not actual, contradiction that its letter creates regarding statutorily-mandated disclosures that Defendant was required to provide to Plaintiff

49. Specifically, while Defendant included the validation notice required by 15 U.S.C. § 1692g(a) with the appropriate thirty-day time period for disputing the debt or requesting creditor information in the February 6, 2018 letter, in the body of that same communication, Defendant demanded payment from Plaintiff by March 2, 2018—a time period less than 30 days from Plaintiff's receipt of the February 6, 2018 letter. *See* Ex. A. This demand was buttressed by Defendant's assertion that payment by that date would "stop collections" and that failure to make such payment would result in Defendant's client "consider[ing] additional remedies to recover the balance due."

50. As a result, the least sophisticated consumer, upon receiving Defendant's February 6 letter, would be confused as to whether she (a) had the full thirty-day period from her receipt of the letter to dispute the debt or request creditor information, or (b) needed to pay the Minimum Amount Due by March 2, 2018—24 days from the date of the letter—in order to "stop collections," thereby restricting the amount of time she had to dispute the debt or request creditor information to less than 30 days. *See Peter v. GC Servs. L.P.*, 310 F.3d 344, 349 (5th Cir. 2002) ("Courts have generally found contradiction or apparent contradiction of the printed § 1692g notice where payment is demanded in a concrete period shorter than the 30-day statutory contest period."); *see also Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir. 1997) ("On the one hand, Heibl's letter tells the debtor that if he doesn't pay within a week he's going to be sued. On the other hand, it tells him that he can contest the debt within thirty days. This leaves up in the air what happens if he is sued on the eighth day, say, and disputes the debt on the tenth day. He

might well wonder what good it would do him to dispute the debt if he can't stave off a lawsuit. The net effect of the juxtaposition of the one-week and thirty-day crucial periods is to turn the required disclosure into legal gibberish. That's as bad as an outright contradiction.").

51.     As a result, Defendant violated 15 U.S.C. § 1692g(b).

52.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily-mandated disclosures to which she was entitled.

53.     "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

54.     And the content of Defendant's February 6, 2018 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA"); *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 761 (6th Cir. 2018) (same); *see also Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017) ("the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. Among those circumstances are cases where a statutory violation creates the risk of real harm.").

55.     Specifically, when a consumer is informed on the one hand that if she does not pay the debt in less than 30 days that collection activities will continue and that the creditor will consider additional remedies to recover the balance due, but, also that she can contest the debt within 30 days, she is left unsure as to which time period she must comply with.

56.     In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A.   Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.   Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(b);

C.   Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D.   Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E.   Enjoining Defendant from future violations of 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class;

F.   Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G.   Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H.   Awarding other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: February 4, 2019                Respectfully submitted,


/s/ Katherine Z. Crouch
Katherine Z. Crouch
Crouch Law, LLC
2372 St. Claude Avenue, Suite 224
New Orleans, LA 70117
Tel: (504) 982-6995
Fax: (888) 364-5882
katherine.crouch@crouchlawnola.com

*Local Counsel for Plaintiff and the proposed class*

James L. Davidson*
Trial Attorney
Florida Bar No. 723371
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
jdavidson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

* to seek admission *pro hac vice*