UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MYRLE S. LEBOEUF, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FORSTER & GARBUS LLP,<br><br>Defendant. | Civil Action No.: 2:19-cv-00845-WBV-JVM<br><br>Section "D"<br><br>Division "1" |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**Request for Relief**

Myrle S. Leboeuf ("Plaintiff"), by and through her undersigned counsel, respectfully requests that this Court (1) preliminarily approve the parties' class action settlement, as memorialized in the agreement submitted herewith; (2) certify the proposed class for settlement purposes only; (3) appoint her as class representative for the class; (4) appoint her counsel, Greenwald Davidson Radbil PLLC, as class counsel; and (5) direct distribution of the class notice submitted herewith. In support thereof, Plaintiff states as follows:

1. Plaintiff filed her class action complaint against Forster & Garbus LLP ("Defendant") on February 4, 2019, alleging violations of section 1692g(b) of the Fair Debt Collection Practices Act ("FDCPA") with respect to initial debt collection letters that Defendant sent to consumers in the state of Louisiana.

2. In particular, Plaintiff alleges that Defendant violated the FDCPA by demanding payment in a time period prior to the expiration of the FDCPA's statutory validation window. Defendant denies any liability, or that its letters or practices violated the FDCPA.

3. Notwithstanding, following written discovery, motion practice and arm's length negotiations, the parties reached a class action settlement agreement which they are now presenting to this Court.

4. As memorialized in the parties' agreement, which may be found as an attachment to the accompanying Declaration of James L. Davidson, Defendant will create a common fund for the benefit of the settlement class in the amount of $7,500, resulting in pro-rata cash payments of at least $25 to all class members who do not timely exclude themselves from the settlement. Significantly, the class's recovery here equals the statutory damages allowed under the FDCPA, which are capped at 1% of Defendant's net worth.

5. Defendant also will pay—separate and apart from the payments to class members, and subject to Court approval—(i) full statutory damages of $1,000.00 to Plaintiff; (ii) class counsel's attorneys' fees and expenses in the agreed total amount of $45,000.00; and (iii) the cost of administering the settlement and providing direct mail notice to all class members. Class counsel's requested attorneys' fees and expenses—which were negotiated after the relief afforded to the class was settled upon—will be the subject of a separate motion at the conclusion of this case.

6. As well, Defendant also has ceased using the form of initial debt collection letter that gave rise to this litigation.

7. As Plaintiff has secured excellent recoveries both for the proposed class and for herself, she hereby respectfully requests that this Court grant preliminary approval to the parties'

agreement, certify the proposed class for settlement purposes, appoint her as class representative, appoint her counsel as class counsel, and direct notice of the settlement to all class members.

8. In the aggregate, there are 289 Louisiana consumers who received materially identical initial debt collection letters from Defendant, and given their makeup, the proposed class is sufficiently numerous to render joinder impracticable. Moreover, Plaintiff asserts that there are questions of law and fact are entirely common to the class and predominate over any potentially individualized inquiries. Plaintiff also contends that her claims are typical of those of absent class members, and she has served—and continues to serve—the class's interests throughout this litigation.

9. Further, Plaintiff's counsel have extensive experience in consumer protection class action litigation and are eminently qualified to serve as class counsel here. Plus, numerous courts throughout the country have recognized that the class action vehicle is the superior method for adjudicating class members' claims arising out of form debt collection letters alleged to have violated the FDCPA, as is alleged here.

10. The parties' proposed settlement calls for a robust direct mail notice program to be administered by an experienced third-party class administrator using Defendant's own records to obtain recent addresses for all class members.

11. In sum, Plaintiff and her counsel are quite proud of the excellent results achieved here for the class. They accordingly recommend approval of this settlement as fair, reasonable, and adequate. Notably, Defendant does not oppose: (1) preliminary approval of the parties' settlement, (2) certification of the proposed class for settlement purposes only; (3) appointment of Plaintiff and her counsel as class representative and class counsel, respectively, and (4) the proposal for direct distribution of the class notice as set forth below.

WHEREFORE, for the reasons stated herein and as set forth in the accompanying memorandum of law, Plaintiff respectfully requests that this Court grant her unopposed motion for preliminary approval of the class action settlement, and enter the proposed order submitted herewith.

Dated: February 4, 2020            Respectfully submitted,

/s/ *James L. Davidson*
James L. Davidson (pro hac vice)
Trial Attorney
Florida Bar No. 723371
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class


Katherine Z. Crouch
Crouch Law, LLC
2372 St. Claude Avenue, Suite 224
New Orleans, LA 70117
Tel: (504) 982-6995
Fax: (888) 364-5882
katherine.crouch@crouchlawnola.com

Local Counsel for Plaintiff and the proposed class

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2020, I filed the foregoing using the Court's CM/ECF system, which will provide notice all counsel of record.

/s/ *James L. Davidson*
James L. Davidson (pro hac vice)
